# NO. 12-09-00200-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES W. SANDERS,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for want of jurisdiction. Appellant was convicted of burglary of a building and criminal mischief. Punishment was assessed at imprisonment for two years, probated for five years. Pursuant to the State's motion, Appellant's community supervision was revoked, and he was sentenced to imprisonment for two years. According to the judgment, sentence was imposed on May 5, 2009.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the day sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). To be timely, a motion for new trial in a criminal case must be filed no later than thirty days after the day sentence is imposed or suspended in open court. TEX. R. APP. P. 21.4(a). Here, sentence was imposed on May 5, 2009. Appellant did not file his motion for new trial until June 10, 2009. Because Appellant filed his motion for new trial more than thirty days after the day sentence was imposed, the motion is untimely. *See **id**.* Therefore, his notice of appeal was due to have been filed on or before June 4, 2009. Appellant did not file his notice of appeal until June 25, 2009 and did not file a motion for

extension of time to file his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3. *See* Tex. R. App. P. 26.3 (appellate court may extend time for filing notice of appeal if, within fifteen days after deadline for filing notice of appeal, appellant files notice of appeal in trial court and motion complying with Texas Rule of Appellate Procedure 10.5(b) in appellate court).

On July 10, 2009, this court notified Appellant that the motion for new trial appears to be untimely and, therefore, his notice of appeal is untimely. Appellant was further notified that the appeal would be dismissed unless, on or before July 20, 2009, the information filed in the appeal was amended to show the jurisdiction of this court. On July 21, 2009, Appellant filed a motion for extension of time to file the notice of appeal asserting that the judgment in the case conflicts with the trial court's docket sheet. Appellant further asserts that Appellant was not sentenced until May 12, 2009, making his motion for new trial timely. Appellant also provided this court a document entitled "Nunc Pro Tunc Judgment Revoking Community Supervision." However, that judgment relates to a trial court cause number and offense that are not the subject of this appeal. Accordingly, the nunc pro tunc judgment does not establish that the date sentence was imposed in this cause differs from the date recited in the judgment being appealed. Alternatively, Appellant requests an extension of time for filing his notice of appeal. Texas Rule of Appellate Procedure 26.3 provides that a motion for extension of time to file a notice of appeal must be filed within fifteen days of the deadline for filing the notice of appeal. Tex. R. App. P. 26.3. Accordingly, Appellant was required to file his motion on or before June 19, 2009. Because the motion was not filed until July 21, 2009, it was untimely. *See id*.

Appellant has not established that his notice of appeal was timely filed. Because this court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3, the appeal must be dismissed. *See **Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); ***Olivo v. State***, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, Appellant's motion is overruled, and the appeal is ***dismissed for want of jurisdiction***.

Opinion delivered July 31, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)